

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-1999

# Express Ser Inc v. Careers Express

Precedential or Non-Precedential:

Docket 98-1013

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Express Ser Inc v. Careers Express" (1999). *1999 Decisions.* Paper 117.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 10, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-1013

EXPRESS SERVICES, INC.,
      Appellant

v.

CAREERS EXPRESS STAFFING SERVICES;
TAMMY M. FORD
d/b/a CAREERS EXPRESS STAFFING SERVICES

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 96-cv-07291)
District Judge: Honorable Charles R. Weiner

Submitted Pursuant to Third Circuit LAR 34.1(a)
Originally Submitted September 18, 1998
Held c.a.v.
Resubmitted April 23, 1999

Before: SLOVITER, SCIRICA and ALITO, Circuit Judges

(Filed May 10, 1999)

        Donald J. Fitzpatrick
        Michael A. Clithero
        Richard H. Kuhlman
        Peper, Martin, Jensen, Maichel &
         Hetlage
        720 Olive Street, 24th Floor
        St. Louis, MO 63101

M. Kelly Tillery
Leonard, Tillery & Sciolla
1515 Market Street
18th Floor
Philadelphia, PA 19102

 Attorneys for Appellant

Steven H. Rubin
900 East 8th Avenue
King of Prussia, PA 19406

 Attorney for Appellees

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Express Services, Inc. ("Express") appeals from the order of the District Court granting judgment following a bench trial to Careers Express Staffing Services and Tammy M. Ford d/b/a Careers Express (collectively, "Careers Express").

I.

Both Express and Careers Express provide temporary and permanent employment agency services to secretaries and clerical workers in Chester, Montgomery, Delaware, Bucks, and Philadelphia counties.

Express, which operates in Pennsylvania primarily under the name EXPRESS PERSONNEL SERVICE, owns a series of trademarks and service marks, including inter alia EXPRESS, EXPRESS and Design, EXPRESS PERSONNEL SERVICE and Design, EXPRESS TEMPORARY SERVICE and Design, and EXPRESS STAFFING SERVICES and Design. (The denomination "and Design" signifies that the preceding words are accompanied by a figure that depicts a person walking.) The Express marks have all been registered federally, and the mark EXPRESS PERSONNEL SERVICE and Design was registered with the state of Pennsylvania on or about June 15, 1990.

2

Careers Express operates in Pennsylvania under the mark CAREERS EXPRESS. It owns neither a federal registration nor a Pennsylvania state registration for that mark, which it first used in commerce on April 4, 1994, although it registered the fictitious name CAREERS EXPRESS in Pennsylvania in April 1994. The parties have stipulated that they "use their respective marks in the same or similar channels of trade" and provide services to "the same classes of customers."

Careers Express first learned of the existence of Express's marks in or around 1994, when it commissioned a trademark availability study. Based on the results of this study, Careers Express's counsel advised it that use of the CAREERS EXPRESS mark probably would be permissible, the marks of Express notwithstanding.

Express first became aware of Careers Express's operations in 1996. It objected to the CAREERS EXPRESS mark on February 12, 1996. On March 10, 1997, it brought suit in federal court. Express claims that use of the name CAREERS EXPRESS infringes its trademarks and service marks.

Careers Express responded by moving for summary judgment on March 19, 1997. The next day, Express moved for summary judgment, based in part on a series of affidavits. The District Court denied both motions by Order dated July 1, 1997 and scheduled the case for trial on September 17, 1997. At trial, Express did not call any witnesses, electing instead to rely on its affidavits. Careers Express elicited the testimony of its own witnesses, as well as that of several of the individuals whose affidavits Express had submitted.

The District Court entered judgment for Careers Express on October 22, 1997. The same day, Express moved for reconsideration, or in the alternative for a new trial. Express also sought to supplement the record with several new affidavits, which addressed the advertising practices of its franchisees. The District Court denied these motions on December 17, 1997, and Express filed a timely appeal.

We have jurisdiction under 28 U.S.C. S 1291. Our review of the District Court's conclusions of law is plenary. See

3

Duraco Prods., Inc. v. Joy Plastic Enters., 40 F.3d 1431, 1438 (3d Cir. 1994). We review the factual determination whether there is a likelihood of confusion for clear error. See Versa Prods. Co. v. Bifold Co., 50 F.3d 189, 200 (3d Cir. 1995). "Clear error exists when, giving all deference to the opportunity of the trial judge to evaluate the credibility of witnesses and to weigh the evidence, we are `left with a definite and firm conviction that a mistake has been committed.' " A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 166 F.3d 191, 194 (3d Cir. 1999) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

II.

Section 32(1) of the Lanham Act states:

> Any person who shall, without the consent of the registrant --
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; . . . shall be liable in a civil action by the registrant. . . .

15 U.S.C. S 1114(1).

In order to establish infringement of its trademark, the trademark owner must prove that "(1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origins of the goods or services." Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 472 (3d Cir. 1994); see also A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 166 F.3d 197, 205 (3d Cir. 1999) (holding that "the appropriate standard for determining trademark infringement under the Lanham Act is the likelihood of confusion"). If a mark is both federally registered and "incontestible," see 15 U.S.C. SS 1058, 1065, the mark is presumed to meet the first two requirements.

4

Express contends that the District Court erred when it determined that there was no likelihood of confusion between its marks and that of Careers Express. Because we conclude that the District Court improperly characterized the Express marks and because this error may have affected the District Court's likelihood-of-confusion analysis, we will reverse and remand for further proceedings.

A.

This court has recognized that trademark terms may fall within one of four categories:

> arbitrary (or fanciful) terms, which bear "no logical or suggestive relation to the actual characteristics of the goods;" suggestive terms, which suggest rather than describe the characteristics of the goods; descriptive terms, which describe a characteristic or ingredient of the article to which it refers, and generic terms, which function as the common descriptive name of a product class.

A.J. Canfield Co. v. Honickman, 808 F.2d 291, 296 (3d Cir. 1986) (citation omitted).

The District Court found that " `express' and `services' are generic descriptive terms." As the passage quoted above explains, "generic" and "descriptive" are separate categories. Moreover, these categories have different implications for trademark analysis. If a term is generic, it is not entitled to trademark protection, whereas a descriptive term may be entitled to some protection if it has acquired a secondary meaning. See id. at 292.

Thus, the District Court's characterization of EXPRESS and SERVICES as generic descriptive was clear error. In fact, we believe it is questionable that the Express marks fall within either the descriptive or the generic category. The record contains no evidence that consumers view express employment agency services as a genus of employment agency services in the way that they might, for example, distinguish temporary employment agency services from permanent employment agency services. Indeed, there is no

5

evidence in the record to suggest that Express's services differ from the general class of employment agency services "in a significant, functional, characteristic." See id. at 293.

For similar reasons, a reasonable factfinder might doubt that the term "express" is descriptive in this context. For example, The American Heritage College Dictionary (3d ed. 1993) provides three definitions for the word "express" when used as an adjective,

> 1. Definitely and explicitly stated. 2. Particular; specific. 3.a. Sent out with or moving at high speed. b. Direct, rapid, and usu[ally] nonstop: an express bus c. Of, relating to, or appropriate for rapid travel: express lanes.

None of these applies to the provision of employment agency services without interposing considerable imagination or modification. The term "express" certainly does connote speed when applied to travel or transport, as the third of the above definitions demonstrates. Applying that term outside of those contexts, however, requires an imaginative leap that may be large enough to transform "express" from descriptive to merely suggestive.

B.

We cannot conclude that the District Court's inappropriate characterization of the Express marks was harmless error. Where, as in this case, goods or services directly compete, "the court need rarely look beyond the mark itself " to determine whether there is a likelihood of confusion. Interpace Corp. v. Lapp, Inc., 721 F.2d 460, 462 (3d Cir. 1983). Therefore, the nature of the marks was, or should have been, the District Court's primary focus.

The District Court's erroneous classification of Express's mark impacted its determination of the mark's strength, see Banff, Ltd. v. Federated Dep't Stores, Inc., 841 F.2d 486, 491 (2d Cir. 1988) ("the category in which the mark qualifies -- generic, descriptive, suggestive, or arbitrary -- is useful in determining its strength"), and therefore affected its decision regarding likelihood of confusion, see Express Services, Inc. v. Careers Express Staffing Servs.,

6

No. 96-7291, slip op. at 7-8 (E.D. Pa. Oct. 22, 1997) (listing strength of mark as factor in determining likelihood of confusion); accord 721 F.2d at 463. Indeed, the District Court explicitly stated that it was "[t]he commonality of the words `express' and `service' " that led it "to conclude that plaintiff 's marks are weak and entitled to limited protection." Express Services, No. 96-7291, slip op. at 9. The characterization of Express's marks as "generic descriptive" thus may have decreased the District Court's willingness to find that Express had met its burden of proving a likelihood of confusion.

We do not suggest that the District Court's conclusion that the plaintiff failed to demonstrate a likelihood of confusion between the marks could not be sustained. The parties stipulated that there was no actual confusion, and the plaintiff introduced nothing but affidavits to attempt to sustain its burden to show likelihood of confusion by a preponderance of the evidence. However, in light of the District Court's improper characterization of these marks, we cannot be certain that the result would have been the same absent the District Court's error.

III.

For the foregoing reasons, we will reverse and remand so that the District Court may reconsider whether there is a likelihood of confusion between the parties' marks. The District Court may, if it believes it necessary, take additional evidence, but we do not require it to do so if it believes the record is adequate.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit