

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2002

# Choice Hotels Intl v. Pennave Assoc Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Choice Hotels Intl v. Pennave Assoc Inc" (2002). *2002 Decisions.* Paper 542.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/542

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

                       THE UNITED STATES COURT OF APPEALS
                             FOR THE THIRD CIRCUIT
                             _____

                        Nos. 01-1632, 01-1925, and 01-2397
                             _____

                    CHOICE HOTELS INTERNATIONAL, INC.,

                                    vs.

                 PENNAVE ASSOCIATES, INC.; DAVID S. MILLER,

                             David S. Miller, Appellant.
                             _____

                     APPEAL FROM THE UNITED STATES DISTRICT COURT
                      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
                            (D.C. No. 98-cv-04111)
                 District Judge:  The Honorable Berle M. Schiller
                             _____

                            ARGUED JULY 23, 2002

               BEFORE: SLOVITER, NYGAARD, and BARRY, Circuit Judges.


                          (Filed August 28, 2002)
                             _____

Donald J. Martin, Esq. (Argued)
22 West Airy Street
Norristown, PA 19401
        Counsel for Appellant


Cecelia L. Fanelli, Esq. (Argued)
Katten, Muchin, Zavis & Rosenman
575 Madison Avenue
New York, NY 10022
        Counsel for Appellee


                             _____

                          OPINION OF THE COURT
                             _____


NYGAARD, Circuit Judge.
        Following a trial, the District Court concluded that Appellant, David S.
Miller's use of Choice Hotel's trademark without its consent violated 15 U.S.C.   1114.
It found that Miller's use of the Clarion mark was likely to deceive as to the connection
between Miller's hotel and Choice Hotels in violation of 15 U.S.C.   1125(a).  The court
also held Miller individually liable for his acts of infringement because no "special or
contractual relationship is required" to hold an individual liable for acts of infringement.
Because Miller failed to maintain and produce accurate records of his profits and losses,
the court exercised its discretion under 15 U.S.C.   1117(a) to award Choice Hotels

$100,000.00 as profits.  The court also awarded  attorneys' fees pursuant to 15.S.C. 1117(a) because it found that Miller's conduct constituted knowing and willful infringement.  Miller now appeals.  He contends in numerous issues that the District Court erred both in awarding damages and attorneys fees to the Appellee.

We apply plenary review to the District Court's conclusions of law with respect to the Lanham Act claim.  Express Servs., Inc. v. Careers Express Staffing Servs, 176 F.3d 183, 185 (3d Cir. 1999).  We review factual findings regarding the Lanham Act violations for clear error.  Id.  We review the District Court's finding that this was an "exceptional case," and thus merited an award of attorneys' fees, for an abuse of discretion.  Securacomm Consulting, Inc. v Securacom, Inc., 224 F.3d 273, 279 (3d Cir. 2000).  The method by which attorneys' fees were awarded is a question of law to which we apply plenary review.  Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001).  We review the District Court's award of equitable remedies for an abuse of discretion.  Voest-Alpine Trading USA Corp. v. Vantage Steel Corp., 919 F.2d 206, 211 (3d Cir. 1990)

As noted, this is an action for trademark infringement under 15 U.S.C. 1051 et seq., unfair competition under 15 U.S.C.  1125(a), and unfair competition under state law.  The District Court had jurisdiction pursuant to 15 U.S.C.  1121, 28 U.S.C. 1338, and 28 U.S.C.  1367.  We have appellate jurisdiction under 28 U.S.C.  1291.  We will affirm.

## DISCUSSION

The facts and procedural history are well known to the parties, and we see no benefit in recounting them in any detail greater than necessary to explain our decision to the parties.  We note at the outset that Miller's first argument seems to confuse the issue of liability with the issue of damages.  He argues that there was no proof of loss, which is a damages issue, and that there was no proof of confusion, which is a liability issue.  The answer, however, is in the text of the statute itself, which does not require that actual confusion be proved for an award of damages.  Use of a mark which is "likely to cause confusion" is all that is required by 15 U.S.C.  1125(a)(1)(A).

Miller next argues that Choice failed to prove actual damages, and that absent evidence of actual damage, there is no right to an award of damages or profits.  Miller's argument again falls before the language of the statute.  It is clear from the statute itself that an award of profits is not conditioned upon an award of damages.  The statute clearly provides that a prevailing party can recover three distinct types of awards, which are enumerated as "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  There is no statutory language limiting awards of profits only to those situations where damages are also awarded.  Miller's argument that "[a]bsent evidence of actual damage, there is no right to an award of damages or profits" is simply wrong.

Next, section 1117(a) of the Lanham Act permits a district court to award attorneys' fees "in exceptional cases."  Miller challenges the District Court's finding that this is one of those "exceptional cases."  Considering that we review its findings for clear error and its award for an abuse of discretion, we only need note that the record overwhelmingly supports the District Court's award.  Without recapitulating all the facts, we merely note that (1) Miller received numerous letters from Choice informing him of his infringing conduct, but he ignored them; and (2) Miller failed to comply with the District Court's temporary restraining order within the appropriate time period.  Under these circumstances, the District Court's finding that this is an "exceptional case" is more than amply supported.  After an extensive review of the record, we conclude that each of the District Court's findings is supported, and that the District Court's fee decision is within the limits of its discretion.

## CONCLUSION

In sum, after thoroughly examining the issues, hearing oral argument on the cause, and following an extensive review of the record, we conclude that there is no merit to any of Appellant's issues, and will affirm.

---

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge